UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| KELLY GURTO, | ) | Case No. 13 CV 9234 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| RECEIVABLES PERFORMANCE | ) | |
| MANAGEMENT, LLC, | ) | **Jury Trial Demanded** |
| | ) | |
| Defendant. | ) | |

## NATURE OF ACTION

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 47 U.S.C. § 227(b)(3).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff Kelly Gurto ("Plaintiff") is a natural person who at all relevant times resided in the State of New York, County of Westchester, and City of Larchmont.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Receivables Performance Management, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, personal cellular telephone service (the "Debt").

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11. In or about November 2012, Defendant began placing calls to Plaintiff's cellular telephone.

12. On December 22, 2012, Plaintiff spoke with Defendant's agent and/or employee, and at such time, demanded that Defendant cease and desist from placing any further calls to Plaintiff.

13. Defendant placed telephone calls to Plaintiff's cellular telephone number, including, but not limited to, the following dates and approximate times:

1) December 23, 2012 at 2:24 P.M.;
2) December 26, 2012 at 6:57 P.M.;
3) December 27, 2012 at 4:36 P.M.;
4) December 27, 2012 at 6:53 P.M.;
5) December 28, 2012 at 1:42 P.M.;
6) December 29, 2012 at 7:14 P.M.;
7) January 2, 2013 at 6:31 P.M.;
8) January 3, 2013 at 1:32 P.M.;
9) January 4, 2013 at 2:27 P.M.;
10) January 11, 2013;
11) January 14, 2013 at 6:32 P.M.;
12) January 15, 2013 at 10:26 A.M.;
13) January 16, 2013 at 2:31 P.M.;
14) January 17, 2013 at 10:37 A.M.;
15) January 17, 2013 at 6:13 P.M.;
16) January 18, 2013 at 3:01 P.M.;
17) January 25, 2013 at 5:21 P.M.;
18) January 25, 2013 at 5:52 P.M.;
19) January 31, 2013 at 6:52 P.M.;
20) February 1, 2013 at 2:03 P.M.;
21) February 4, 2013 at 2:20 P.M.; and
22) February 5, 2013 at 10:40 A.M.

14. During the above-referenced January 11, 2013 telephone call, Defendant, by and through its agent and/or employee "Lisa Rivers" left the following voicemail message:

> Hi Kelly, my name is Lisa Rivers and I need for you to give me a phone call. My number is 866-212-7408. Thank you.

15. Defendant's January 11, 2013 voicemail message failed to notify Plaintiff that the communication was from a debt collector.

16. Defendant failed to disclose its true corporate or business name in its January 11, 2013 voicemail message.

17. By failing to disclose that the communication was from a debt collector, and further, by failing to disclose its true corporate or business name in its January 11,

2013 voicemail message, Defendant failed to meaningfully disclose its identity to Plaintiff.

18. Upon information and good-faith belief, the telephone calls identified above were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system.

19. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

20. Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

21. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above voluntarily.

22. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above under its own free will.

23. Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

24. Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

25. Defendant placed additional calls to Plaintiff's cellular telephone number other than those listed above.

26. Upon information and good-faith belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

27. Plaintiff repeats and re-alleges each and every factual allegation contained above.

28. Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(11)

29. Plaintiff repeats and re-alleges each and every factual allegation contained above.

30. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each communication that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

31. Plaintiff repeats and re-alleges each and every factual allegation contained above.

32. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

33. Plaintiff is entitled to and hereby demands a trial by jury.

This 20th day of December, 2013.

ATTORNEYS FOR PLAINTIFF
*Kelly Gurto*

Respectfully submitted,

By: _____
Jeanne Lahiff, Esq.
NY Bar No. 2252435
*Weisberg & Meyers, LLC*
80 Broad Street, 5th Floor
New York, NY 10004
(888) 595-9111 ext. 511
(866) 842-3303 (fax)
JLahiff@attorneysforconsumers.com

*Please send correspondence to the address below:*

*Weisberg & Meyers, LLC*
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012